In the Matter of the Estate of NATHANIEL BROWN, Deceased.

Surrogate's Court, Erie County, June 17, 1932.

*Harry D. Sanders*, for the petitioner.

*George B. Barrell*, for M. Louise Adsit.

HART, S. Nathaniel Brown, late of the city of Buffalo, Erie county, N. Y., deceased, died in said city of Buffalo on July 24, 1893, leaving a last will and testament dated January 14, 1888, which was admitted to probate by this court on the 7th day of September, 1893, and letters testamentary thereunder issued to Elizabeth A. Brown, executor therein named, who continued to act as such executor up to the time of her death on the 17th day of December, 1917. The will contained a provision as follows: " In case my said wife, Elizabeth A. Brown, does not survive me, and also, on the death of my said wife, if she does survive me, I hereby appoint my said daughter, M. Louise Adsit, sole executrix of this my last Will and Testament; and I give to her all the powers, authority and discretion, which are hereinbefore given and granted to my said wife."

Under the will of said decedent, which gives the broadest powers

to his executor and trustee, and the most ample discretion possible to give, the said decedent authorized the creation of a trust fund of $30,000, to be held for the use and benefit and behoof of his son, Albert G. Brown, and on his death to pay to each of his children who may survive him a one-third part of said principal of the said trust fund of $30,000 together with accumulations of interest. Only one child survived him.

It is with the one-third part of this trust fund with which we are now concerned. In paragraph " first " of the codicil to said decedent's will he provided " that said Executrix and her legal adviser shall have the sole right to name the trustee mentioned and provided for in my said last Will and Testament, and at any time to change the same and to annul their appointment thereof. If, for any reason, they, or either of them, shall desire to name any other person or corporation trustee than the Minnesota Loan and Trust Company, they shall have, and I hereby give unto them the absolute right so to do; and the decision of my said Executrix and her legal adviser shall be final and conclusive to all intents and purposes, in the same manner as if I had named such trustee in my said last Will and Testament."

And paragraph " second " provided: " No suit or action at law shall lie or be maintained against my said Executrix, her successor or successors, to compel her or them to establish or provide for any of the trusts mentioned in my said last Will and Testament. My said executrix and her successor or successors shall have the sole right to determine when such trusts shall be established, the amount thereof, and who shall be named as trustee; and the decision of my said Executrix, her successor or successors, shall be final and conclusive on all and each of the points above mentioned, and they shall not be compelled to establish said trusts, or to provide for any income thereof, or to name any trustee, until in their discretion it shall seem wise and proper so to do, nor until they shall choose to act therein in the premises." With a further direction that " until such trusts are created that said Executrix shall pay to her son, Albert G. Brown, monthly the sum of $80.00, and to her daughter, M. Louise Adsit, the sum of $125.00."

It appears that his son, Albert G. Brown, was a business man living in Indianapolis, Ind., and that at the time of his death he left one child him surviving, the petitioner in this proceeding, Susan Richardson, and that Elizabeth A. Brown, the first executrix, survived her husband for about twenty-five years and had personal charge of said estate; that during the panic of 1893 the estate was largely depreciated; that in 1908 said Elizabeth A. Brown, said

executrix, intrusted to the said Albert G. Brown a very considerable sum of money to be invested in mortgages in Indiana where he lived, such funds being largely in excess of the sum of $30,000, trust fund in question, and for all practical purposes, under the powers given her, constituted the said Albert G. Brown as trustee of said fund.

It appears that the said Albert G. Brown misappropriated said funds, and used the entire amount thereof in speculation or for his own purpose, and that the original investments in mortgages had been discharged, and new notes and mortgages had been forged by him, so that the entire sum in excess of $30,000 so intrusted to him as trustee by his said mother was lost to this estate.

I am of the opinion that while there was no formal appointment of the said Albert G. Brown as such trustee, the fact that the said Elizabeth A. Brown, as such executrix and trustee, intrusted to him for investment the trust funds of said estate in excess of $30,000, and allowed him to manage and invest and collect the income therefrom, was a substantial compliance with the terms and provisions of said will under which petitioner claims, and that said trust funds were wholly lost through no fault of the present executrix, and that the prayer of the petitioner herein should be denied.

A decree may enter accordingly.